IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MATTHEW BOROWSKI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:10cv197 (AJT/JFA) |
| ) | |
| TERESA POLINSKE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Defendant Polinske's Motion to Dismiss (Doc. No. 6) and Defendant Epple's Motion to Dismiss (Doc. No. 11). A hearing was held on August 20, 2010, after which the Court took the motions under advisement. For the reasons below, the Court grants the motions and this action is dismissed.

Plaintiffs Matthew Borowski ("Matthew") and Carianne Borowski ("Carianne") (Matthew and Carianne together, "Plaintiffs"), proceeding *pro se*, filed this action against Teresa Polinske ("Polinske"), assistant Commonwealth Attorney for Stafford County in the Commonwealth of Virginia, and Detective Steven Epple ("Epple"), a detective with the Stafford County Sheriff's Department (Polinske and Epple together, "Defendants") on or about March 3, 2010. The complaint alleges that the Defendants violated 42 U.S.C. § 1983 by proceeding maliciously and without probable cause in a criminal charge against Plaintiffs (Count I); that Epple committed libel and slander against Plaintiffs (Counts II and III); and that Polinske and Epple falsely imprisoned Plaintiffs (Count IV) and maliciously prosecuted Plaintiffs (Count V).

The complaint alleges the following facts relevant to the motions to dismiss. Carianne gave birth to a son, Jacob, on August 14, 1999, while she was still a minor. Carianne's parents, the McHales, and Carianne entered into a custody order around that time ostensibly granting custody of Jacob to the McHales. Sometime in March 2008, the Plaintiffs took Jacob from the McHale residence after a brief struggle and against the wishes of the McHales (the "Incident"). The McHales contacted the Stafford County Sheriff's Department to report the Incident. On March 6, 2008, Epple contacted Matthew and informed him that there was an arrest warrant issued for his arrest based on the Incident. Matthew was charged with child abduction and related charges as well as assault and battery against Plaintiffs.

The complaint alleges that Epple contacted the media and made false statements about the Incident. Further, on March 9, 2008, Epple told the McHales that Plaintiffs planned on taking Jacob out of the country, even though he knew that statement was false. At some point in 2008, Epple told Matthew's mother that he would "make sure with my last drop of blood" that Matthew did not go to law school. Complaint at ¶ 29.

On March 10, 2008, Carianne was arrested and incarcerated. She was released on bond on March 12, 2008. On March 11, 2008, Matthew was arrested and incarcerated. He was released on bond on March 19, 2008. As a condition of Matthew's bond, he was prohibited from having contact with Carianne and other individuals charged in the abduction.

On April 8, 2008, a hearing was held in the General District Court for Stafford County at which the 1999 custody order granting the McHales custody of Jacob was found to be void *ab initeo*. After the custody order was declared void, Epple told Carianne's lawyer that Polinske "had agreed to bring adult abduction charges . . . in retaliation for the fact that the custody order was void." *Id.* at ¶ 30.

On May 6, 2008, Plaintiffs were arraigned on adult abduction charges arising out of the Incident. On July 7, 2008 a grand jury indicted the Plaintiffs with child abduction and related charges. Epple "is identified as the grand jury witness responsible for securing the indictments" against Plaintiffs. *Id.* at ¶ 33.

On July 28, 2008, the McHales met with Polinske to state that they wanted the charges dismissed against Plaintiffs. Polinske "threaten[ed] [the McHales] with prosecution" if they did not support her case. *Id.* at ¶ 34. On January 5, 2009, Polinske brought additional charges against Matthew "citing his refusal to accept a plea agreement." *Id.* at ¶ 36.

The case proceeded to trial. During the trial, on April 9, 2009, Polinske "violated the law" by introducing tampered evidence. *Id.* at ¶ 41. On April 15, 2009, all charges against Matthew were dismissed. A few weeks later the charges against Carianne were nolle prossed.

In order to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In that regard, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "[c]onclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). For that reason, a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 555 U.S. at 556. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949 (2009); *Twombly*, 550 U.S. at 555. A complaint is also insufficient if it relies upon "naked

assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted). The central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," and the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly*, 550 U.S. at 555.

The Court first concludes that Polinske is entitled to absolute immunity and therefore the complaint should be dismissed as to her. Prosecutors are absolutely immune for acts performed as part of "the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (internal quotations omitted). *See also Imbler v. Patchman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Andrews v. Ring*, 266 Va. 311, 321, 585 S.E. 2d 780, 785 (2003) ("In each case where a prosecutor is involved in the charging process, under Virginia law, that action is intimately connected with the prosecutor's role in judicial proceedings and the prosecutor is entitled to absolute immunity from suit for such actions."). The complaint is based on Plaintiffs' assertion that Polinske should not have pursued the case against them in state court, that she sought to admit "tampered evidence," and that another party stated that Polinske had indicated she was only pursuing the charges in "retaliation" for a court's finding that the custody order was void. Even taking the assertions in the complaint as true, the alleged wrongdoing occurred while Polinske was initiating, pursuing, and presenting the state's case. Accordingly, Polinske is entitled to absolute immunity and the complaint against her is dismissed.

The Court next concludes that Epple is entitled to qualified immunity as to Count I of the complaint. In assessing whether a defendant is entitled to qualified immunity, the Court first

determines whether "the facts alleged show the officer's conduct violated a Constitutional right" and, if the Court determines a constitutional right was violated, the Court must then ask whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201-202 (2001).

Plaintiffs argue that the complaint asserts that Plaintiffs' constitutional rights were violated by Epple when they were arrested. Plaintiffs essentially argue that because the custody order was found to be void after the arrest, it could not form the basis of the probable cause for the arrest. At the hearing on the motions, Plaintiffs further argued that Epple lied in order to obtain an arrest warrant for them by falsely stating that Carianne did not live with the McHales at the time of the Incident and had no relationship with Jacob. However, this assertion is directly contradicted by the complaint, which states that, upon information and belief, "Epple's report stated that Carianne lived in the McHale residence and had a personal relationship with Jacob." Complaint at ¶ 19.

The Court concludes that the complaint asserts facts that, on their face, establish that there was probable cause for Epple to arrest the Plaintiffs. For example, the complaint alleges that the McHales had called the police because of a struggle with Plaintiffs, that the Plaintiffs left the McHale residence with Jacob, and that there was a custody order in place that, at the time of the arrest, granted custody of Jacob to the McHales. Accordingly, the Court finds that probable cause existed for Epple's arrest of Plaintiffs and that therefore no constitutional right was violated by the arrest. Count I against Epple should therefore be dismissed.

The Court's jurisdiction over the remaining counts in the complaint is discretionary, the Court having dismissed all claims over which it has original jurisdiction, pursuant to 28 U.S.C. § 1367. The Court declines to exercise supplemental jurisdiction over the remaining claims.

Accordingly, it is hereby

ORDERED that Defendant Polinske's Motion to Dismiss (Doc. No. 6) and Defendant Epple's Motion to Dismiss (Doc. No. 11) be, and the same hereby are, GRANTED and the complaint be, and the same hereby is, DISMISSED.

This Order is final. If Plaintiffs, *pro se*, wish to appeal this ruling, they must file, within thirty (30) days of the date of this Order, a Notice of Appeal with the Clerk of this Court

The Clerk is directed to forward copies of this Order to all counsel of record, and the Plaintiffs, *pro se*.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
August 24, 2010